BENJAMIN B. WAGNER
United States Attorney
PATRICK R. DELAHUNTY
MEGAN A. S. RICHARDS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

MAUREEN C. CAIN
U.S. Department of Justice
Child Exploitation & Obscenity
1400 New York Ave, Suite 600
Washington, D.C. 20530
Telephone: (202) 616-1685
Facsimile: (202) 514-1793

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:11-CR-00324 AWI |
| Plaintiff, | GOVERNMENT'S MOTIONS IN LIMINE |
| v. | DATE: March 16, 2015 |
| SHAWN JOSEPH McCORMACK, | TIME: 10:00 a.m. |
| Defendants. | COURT: Hon. Anthony W. Ishii |

The United States of America, by and through its above-captioned attorneys of record, makes the following motions:

1. <u>Reference to Penalty or Punishment</u>:

The United States moves for an order precluding the defendant, his attorney, or any witness from making any comment or reference, whether direct or indirect, to penalty or punishment in this case. If the defendant were to testify, this motion also seeks to preclude any questioning by the defendant's attorney regarding the defendant's career or future plans, because this line of questioning could put the

GOVERNMENT'S MOTIONS IN LIMINE            1

issue of penalty or punishment in front of the jury.

It is "well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (footnote and citation omitted).  A jury's task is to "find the facts and decide whether, on those facts, the defendant is guilty of the crime charged," while a judge "imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id.*  The Supreme Court has recognized that presenting jurors with information regarding the consequences of their verdict "invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion." *Id.*  Evidence or argument relating to a potential mandatory minimum sentence, or any other punishment, is "irrelevant to the jury's task" of determining if the defendant is guilty of the crimes charged. *Id.  See also Rogers v. United States*, 422 U.S. 35, 40 (1975) (stating that "the jury ha[s] no sentencing function and should reach its verdict without regard to what sentence might be imposed").

2. <u>Opinions on Guilt or Innocence</u>

The United States Requests an order precluding the defendant, his attorney, or any witness from expressing, directly or indirectly, an opinion on the defendant's guilt or innocence. *See* Fed. R. Evid. 401.  Any attempt by any defense witness to express an opinion on the defendant's guilt or innocence to the jury is a clear invasion of the province of the jury and should be prohibited.  This evidence is also not relevant under Federal Rule of Evidence 401 and is thus inadmissible.

3. <u>Hearsay Statements of the Defendant Offered By the Defendant</u>

The United States anticipates that the defendant might attempt to introduce, through other witnesses, his own prior statements.  The United States anticipates that the defendant might not want to testify in this case, but he might attempt to introduce statements he may have made to other people prior to trial.  Under Federal Rule of Evidence 801, statements of a defendant are not hearsay when they are offered by the United States.  Fed. R. Evid. 801; *Williamson v. United States*, 512 U.S. 594, 599 (1994); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (following Rule 801's exclusion of a defendant's attempt to introduce exculpatory statements, uttered out-of-court, as hearsay, and adhering to Rules 801, 802, and 803).  However, a defendant may not be allowed to introduce the defendant's

hearsay statements to police officers, friends, or relatives, or anyone else, because the statement is not being offered against a party. *Williamson*, 512 U.S. at 599; *Ortega*, 203 F.3d at 682. Allowing a defendant to put in his own statements or a defense through other witnesses is hearsay and therefore denies the United States the right of cross-examination of the defendant. *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) (concluding that the defendant would have been allowed to set forth his exculpatory statements "before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids"). *See generally Crawford v. Washington*, 541 U.S. 36 (2006).

4. <u>Plea Negotiations Between the United States and the Defendant</u>

The United States further requests an order precluding the defendant from stating or eliciting, directly or indirectly, the topic of plea negotiations between the United States and the defendant, which have failed. Federal Rule of Evidence 410 explicitly prohibits this evidence.

5. <u>Reciprocal Discovery</u>

Consistent with the Federal Rule of Criminal Procedure 16, the United States again requests reciprocal discovery. Although discovery has been provided to the defendant, no reciprocal discovery has been provided to the United States. The government will object to the introduction of any documents at trial that were not previously provided to the government and most likely will request that they be excluded from the record. *See generally Taylor v. Illinois*, 484 U.S. 400, 411-416 (1988) (approving sanctions against a defendant for blatant discovery violations).

6. <u>Sequestration of Witnesses</u>

Under Federal Rule of Evidence 615, "[a]t the request of a party[,] the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." Other than the agent and/or expert at counsel table for the United States, and other than the defendant at his table, the United States moves that all witnesses be sequestered from the courtroom during the jury trial.

7. <u>Defendant's Notification of Defenses</u>

Pursuant to Federal Rule of Criminal Procedure 12.2, the United States moves the Court for an order directing the defense to immediately inform the government if the defendant intends to rely on a defense of insanity, and whether the defendant intends on presenting expert testimony relating to a mental disease or defect or any other mental condition of a defendant bearing on the issue of guilt. If no

such issues will be raised, the United States requests an order precluding any of the defenses set forth in Rule 12.2 as a defense at trial. Failure to provide such advance notice permits the Court to exclude such evidence.

Pursuant to Rule 12.1, the United States also seeks an order from the Court directing the defendant to immediately advise the United States if he intends to use an alibi defense as to the charges alleged in the indictment. The indictment adequately provides the relevant date range on which the alleged crime occurred. In that regard, the United States requests all names and addresses of witnesses upon whom defendants will rely for this defense. Moreover, the United States requests the time, date, and place at which defendant claims to have been at the time of the alleged offenses. Similarly, if no such issues will be raised, the United States requests an order precluding any of the defenses set forth in Rule 12.1 as a defense at trial.

Further, the United States moves the Court to direct that, if prior to or during the trial, the defendant discovers any additional alibi witnesses, the defense must promptly notify undersigned counsel or the Court of the existence of such additional witnesses.

**Conclusion**

The motions in this filing are based on well-established statutory and case law principles. The United States, like the defendant, is entitled to a fair trial, and these motions will assist with ensuring a fair trial for both parties. Accordingly, for the reasons set forth above, the United States respectfully requests this court grant the motions.

Dated: February 12, 2015

BENJAMIN B. WAGNER
United States Attorney

By:  /s/ PATRICK R. DELAHUNTY
     /s/ MEGAN A. S. RICHARDS
PATRICK R. DELAHUNTY
MEGAN A. S. RICHARDS
Assistant U.S. Attorneys

GOVERNMENT'S MOTIONS IN LIMINE                4