1  CARL M. FALLER, SBN: 70788
   FALLER LAW FIRM
2  Post Office Box 912
   Fresno, CA 93714
3  TEL:  559-679-4999
   carlfaller@icloud,com
4

5  Attorney for Defendant
   SHAWN JOSEPH McCORMACK
6

7

8             IN THE UNITED STATED DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,           ) Case No.:  1:11-cr-00324 AWI-BAM
                                        )
12            Plaintiff,                ) RESPONSE TO GOVERNMENT'S
                                        ) MOTION IN LIMINE, DEFENDANT'S
13       vs.                            ) MOTION TO LIMIT EVIDENCE ON
                                        ) UNCONTESTED ISSUES
14  SHAWN JOSEPH McCORMACK,             )
                                        )
15            Defendant.               ) DATE:  March 16, 2015
                                        ) TIME:  10:00 am
16  _____      Honorable Anthony W. Ishii

17

18       TO: THIS HONORABLE COURT AND THE UNITED STATES OF AMERICA,

19  THROUGH ITS ATTORNEYS OF RECORD, BENJAMIN B. WAGNER, UNITED STATES

    ATTORNEY FOR THE EASTERN DISTRICT OF CALIFORNIA, PATRICK R.
20
    DELAHUNTY AND MEGAN A.S. RICHARDS, ASSISTANT UNITED STATES
21
    ATTORNEYS, AND MAUREEN C. CAIN, UNITED STATES DEPARTMENT OF JUSTICE.
22
                            **INTRODUCTION**
23
         The defendant in this matter was originally charged by indictment on September 29, 2011
24
    with a single count of sexual exploitation of a minor, in violation of Title 18, United States Code,
25
    Section 2251(a) and (e).  He was originally represented by private retained counsel.  On
26
    February 16, 2012, a superseding indictment was filed charging defendant with four counts of
27
    the charge noted above, involving two separate victims.  On September 9, 2013, current counsel
28

made his initial appearance in the case following the withdrawal of retained counsel.  On February 19, 2015, a second superseding indictment was filed which, in addition to the charges set forth in the first superseding indictment, added two counts of kidnapping, in violation of Title 18, United States Code, Section 1201(a)(1)(d) and (g).  The defendant has not yet been arraigned on the second superseding indictment.

Discovery has been ongoing, with the last government disclosure received by the defense on March 4, 2015.  Counsel for the defense and the government conferred prior to the filing date for motions in limine, and agreed, informally, that the defense should wait until discovery was completed before filing any motions in that regard.  Also, at this point, the defense has received no notice that the government intends to offer evidence of other acts under Federal Rule of Evidence 404(b).  Based on a belief that the prosecution has now completed discovery, the defendant has included requests concerning the presentation of evidence in this response.

**ARGUMENT**

**I.**
**THE DEFENSE HAS NO OBJECTION TO THE**
**GOVERNMENT'S MOTION IN LIMINE**

**a.  Reference to Penalty or Punishment.**

The defense will not make any reference to the potential penalties for the offenses with which the defendant is charged.

**b.  Opinions on Guilt or Innocence.**

The defense will elicit no opinions from witnesses concerning the defendant's guilt or innocence.

**c.  Hearsay Statements by the Defendant.**

The defense does not intend to present hearsay statements of the defendant.

**c.  Plea Negotiations.**

The defense will make no reference to plea negotiations at trial.

///

**d.  Reciprocal Discovery.**

The defense acknowledges its responsibilities regarding reciprocal discovery.

**e.  Sequestration of Witnesses.**

The defense agrees that witnesses should be excluded from the courtroom except during their testimony.

**f.  Notification of Defenses.**

The defendant does intend to present a defense in the nature of an alibi, regarding Counts Five and Six, which were charged, for the first time, in the second superseding indictment, which was filed on February 19, 2015.   Those counts allege a specific date upon which the events are alleged to have occurred and the defendant will comply with the requirements of Federal Rule of Criminal Procedure 12.1 in that regard.  However, Counts One through Four are alleged to have taken place during such broad spans of time that the defendant cannot give any such a notice at this time.  The dates alleged are as follows:

Count One - "from on about January 2007 to on or about January 2009."

Count Two - "from on or about March 2008 to on or about July 2010."

Count Three - "from on or about March 27, 2009 to on or about July 2010."

Count Four – "from on about March 2008 to on or about July 2010."

Based on these broad and far-ranging time periods, it is not possible for the defense to determine at this time whether an alibi defense will apply to one or more of these counts and the court should therefore decline to make such an order.

///

///

///

///

///

**II.**

## THE COURT SHOULD BAR ANY EVIDENCE WHICH THE GOVERNMENT SEEKS TO PRESENT OTHER THAN THAT WHICH PROVES THE IDENTITY OF THE PURPETRATOR OF THE ALLEGED CRIMES

The only issue in this case is the identity of the perpetrator of the offenses, which are

alleged in Counts One through Six of the second superseding indictment. The defense is

prepared to and will stipulate that the ultimate facts, which prove the elements of the crimes

alleged in each count, have been established and may be considered by the jury to have been

proven beyond a reasonable doubt.  That includes the identity of the alleged victims, their ages,

the fact that the videos and images depict the sexual exploitation of a minor, as well as a

stipulation that the crime of kidnapping occurred on the dates as alleged in Counts Five and Six.

Based on these stipulations to the ultimate facts necessary to prove that the alleged crimes

occurred, evidence other that that relating to the identity of the alleged perpetrator is

unnecessary, cumulative and, if not outright irrelevant, extremely prejudicial.  Under Federal

Rule of Evidence 403, otherwise relevant evidence may be excluded if its probative value is

substantially outweighed by a danger of "unfair prejudice" or "needlessly presenting cumulative

evidence."  In this case, where the only remaining contested issue is identity, the presentation of

evidence to prove facts which are no longer in dispute can only be done with an intention to

unduly prejudice the jury against the defendant, and thereby hope that there is a spill-over effect

on the issue of identity.  The court should exercise its authority to exclude such evidence.

**III.**

## THE COURT SHOULD BAR ANY OTHER ACT EVIDENCE THAT MAY BE PROFFERED BY THE GOVERNMENT UNDER FEDERAL RULE OF EVIDENCE RULE 404(b)

As noted above, the government has given no notice of its intent to offer evidence

pursuant to Federal Rule of Evidence 404(b).  Consequently, the court should enter an order

barring the introduction of any evidence regarding other acts of the defendant, which do not

specifically address the allegations in the indictment.  These allegations include his production of

videos and images of the designated victims on the dates alleged in the indictment and whether

he kidnapped those victims on the specific dates alleged.  Any evidence relating to his possession

or distribution of other images or videos should be excluded, as well as any evidence of

communications with other individuals, which do not relate to the videos or images referred to in

the indictment.  Likewise, any evidence that the defendant visited websites that may be used to

acquire child pornography or engaged in generalized discussions of that topic should also be

excluded.

**CONCLUSION**

Based on the above arguments, the defense respectfully requests the court to enter the

orders requested herein.

Dated:  March 5, 2015                                   /s/Carl M. Faller
                                                        CARL M. FALLER
                                                        Attorney for Defendant
                                                        SHAWN JOSEPH McCORMACK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28