BENJAMIN B. WAGNER
United States Attorney
PATRICK R. DELAHUNTY
MEGAN A. S. RICHARDS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

MAUREEN C. CAIN
U.S. Department of Justice
Child Exploitation & Obscenity
1400 New York Ave, Suite 600
Washington, D.C. 20530
Telephone: (202) 616-1685
Facsimile: (202) 514-1793

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:11-CR-00324 AWI |
| Plaintiff, | REPLY IN SUPPORT OF GOVERNMENT'S MOTIONS IN LIMINE |
| v. | DATE: March 16, 2015 |
| SHAWN JOSEPH McCORMACK, | TIME: 10:00 a.m. |
| Defendants. | COURT: Hon. Anthony W. Ishii |

On March 5, the defendant filed a response to the Government's motions in limine, which the government replies to herein.

### I. THE DEFENDANT HAS NOT PROVIDED SUFFICIENT NOTICE OF AN ALIBI DEFENSE

Rule 12.1 provides that a defendant has 14 days to respond to a request from the government for notice of an alibi defense. Fed. R. Crim. Pro. 12.1(a)(2). On February 12, 2015, the government provided such notice. ECF No. 52. The only response provided by the defendant was its response brief,

1  filed on March 5, 2015.  ECF No. 56.  That response merely indicated that the defendant would provide
2  information about an alibi defense for Counts 5 and 6 at some point in the future.  The defendant also
3  asserted it "was not possible" to comply with Rule 12.1 with regard to Counts 1, 2, 3, and 4 because
4  those counts assert broader time ranges in comparison to the specific dates identified in Counts 5 and 6.
5          The defendant's response falls short of Rule 12.1.  The Rule provides that a defendant's response
6  to a request for notice of an alibi defense should include: "(A) each specific place where the defendant
7  claims to have been at the time of the alleged offense; and (B) the name, address, and telephone number
8  of each alibi witness on whom the defendant intends to rely."  None of that was provided by the
9  defendant—for any date identified in the indictment.  The defendant indicated that he would provide
10 such information for Counts 5 and 6 at some point in the future, but the Rule requires more.  Such
11 information should be provided within 14 days of the request.  The government should be given an
12 adequate amount of time to respond to alibi-related information and gather any evidence necessary to
13 rebut such a defense.
14         Furthermore, the defendant's attempt to distinguish Counts 1, 2, 3, and 4 is unpersuasive.  He
15 argues that the broad date range identified therein makes compliance with the Rule "not possible."  Not
16 so.  The defendant either has an alibi for those charges or he does not.  If the defendant anticipates
17 rebutting those charges by asserting an alibi, then he should provide the information surrounding such a
18 rebuttal, as specified in Rule 12.1(a)(2).
19         Nevertheless, the government recognizes that the indictment was superseded on February 19,
20 2015.  It is willing to extend additional time to the defendant to comply with Rule 12.1.  Accordingly,
21 the government requests the defendant comply with Rule 12.1 on or before March 16, 2015.  To the
22 extent that the defendant has not complied with Rule 12.1 on or before March 16, 2015, the government
23 requests exclusion of any evidence offered by the defendant that purports to establish an alibi for him.
24 *E.g., U.S. v. Henderson*, 241 F.3d 638, 650 (9th Cir. 2000) (district court did not abuse its discretion by
25 excluding alibi evidence after the defendant failed to timely disclose it).
26 **II.     THE GOVERNMENT'S REMAINING MOTIONS IN LIMINE ARE UNOPPOSED**
27         Apart from challenging the government's Rule 12.1 request, the defendant's response brief does
28 not oppose the government's remaining motions in limine.  On that basis, and the reasons set forth in the

GOVERNMENT'S MOTIONS IN LIMINE                    2

government's motion, the government respectfully requests that its motions in limine be granted.

### III. THE GOVERNMENT WILL OPPOSE THE DEFENDANT'S NEWLY-FILED MOTIONS IN LIMINE ON OR BEFORE MARCH 12, 2015

Additionally, in the defendant's response to the government's motions in limine, the defendant filed, in essence, his own motions in limine. Specifically, he moved to exclude two broad categories of evidence: (a) "other evidence than that which proves the identity of the perpetrator of the alleged crimes" and "evidence of other acts of defendant." ECF No. 56 at pp. 4-5. This second part of the defendant's pleading is a new motion and should not be subject to the previously established briefing schedule. Nevertheless, the government will respond to it on or before March 12 and will be prepared to argue it at the March 16, 2015 hearing.

Dated:  March 5, 2015                                                  BENJAMIN B. WAGNER
                                                                       United States Attorney


                                                                       /s/ PATRICK R. DELAHUNTY
                                                              By:      /s/ MEGAN A. S. RICHARDS
                                                                       PATRICK R. DELAHUNTY
                                                                       MEGAN A. S. RICHARDS
                                                                       Assistant U.S. Attorneys

GOVERNMENT'S MOTIONS IN LIMINE                         3