CARL M. FALLER  SBN: 70788
FALLER LAW FIRM
Attorney at Law
Post Office Box 912
Fresno, CA 93714
Tel:  559-679-4999
carl.faller@fallerdefense.com

Attorney for Defendant
SHAWN JOSEPH McCORMACK

# IN THE UNITED STATED DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:11-cr-00324 AWI BAM |
| Plaintiff, | OBJECTIONS TO PROPOSED GOVERNMENT EXHIBITS |
| vs. | Date:  April 6, 2015 |
| SHAWN JOSEPH McCORMACK, | Time:  1:30 pm |
| Defendant. | Honorable Anthony W. Ishii |

In addition to objections concerning foundation, and other common trial objections, the defense lodges the following objections to the government's proposed exhibits:

Exhibits 1 through 22 – This series of exhibits appears to contain screen shots of activity over the peer-to-peer file-sharing program Gigatribe.  From the defendant's review of the exhibits they appear to deal with searches and/or contacts with others on the internet and chats involving subjects which may include sexual interest in minors.  It also includes images which may constitute child pornography, but which do not include any of the images charged in the Second Superseding Indictment (hereafter referred to as the Indictment).  Since the exhibits do not directly prove any of the elements of the charged offenses, they constitute other act evidence under Rule 404(b).  As such, they do not involve instances of alleged production of child pornography and reflect activity that took place five months after the last event charged in the in the Indictment.  As such they do not qualify as admissible evidence under Rule 404(b), but if they do, they should still be excluded under Rule 403.

Exhibit 32 – This exhibit appears to be a list of Craig's List inquiries. The Defendant is unable to determine the relevance of the item on its fact, and therefore objects on that ground. The defendant reserves any other objections to this item once its relevance is explained.

Exhibits 33 through 40 – These exhibits are the images charged in Count 2 of the Indictment. They have been redacted, and in the form which they have been provided to the defense, there is no objection to their admission. However, there do appear to be duplicate images of each shot, and the defense asks that only one version of each image be used.

Exhibits 41 and 42 – These exhibits appear to be excerpts of videos charged in Count 3. As such, the defense has not reviewed the videos and continues to the showing of any excerpts that relate to the events depicted therein other than the identification of the perpetrator on grounds previously noted in the defendant's motion in limine.

Exhibits 45 through 50 – Screen shots of material charged in Count 3. Again, defendant objects to any depiction of the material other than shots that lead only to the identification of any adult in the images. If no adult is seen, the defense objects on grounds previously designated.

Exhibits 51 and 52 – These appear to be excerpts from a video charged in count 3. The defense objects to the showing of the video other than to establish the identification of the adult perpetrator.

Exhibits 53 through 55 – Screen shots relating to Count 3. The defense objects to these images on the same grounds as previously stated concerning other images.

Exhibits 56 and 57 – Video excerpts concerning Count 3. The defense makes the same objection to these excerpts as to those noted previously.

Exhibits 58 through 60 – Still shots charged in Count 3. The defense again objects to these images that depict any activity that does not directly relate to the identification of the adult perpetrator of the offense.

Exhibits 61 through 68 – These are images charged in Count 4 – The defense objects to the introduction of these images as they may depict any activity other than the actual identification of the adult perpetrator. Any other depiction of a sexual nature is inadmissible

since the character of the images as images constituting child pornography is not disputed by the defense.

Exhibits 69 and 70 – The defense objects to these images since they are not material charged in the indictment and should be excluded on the grounds previous mentioned, particularly since there is no adult depicted in the photographs.

Exhibits 77 through 80 – These exhibits involve electronic chats that are alleged to have occurred several months after the last events charged in the Indictment and that deal with general discussions of the sexual interests of the participants, but do no deal directly with any of the activity with which the defendant is charged. Consequently they should be excluded as not passing the test for Rule 404(b) admissibility, but even if so, should be excluded under Rule 403.

Exhibit 90 – This exhibit is identified as "enhanced granite," but the image is not of sufficient quality to be recognized.

Exhibits 128 through 132 – Emails between December 2, 2008 and February 6, 2011 to unidentified individuals from toddlers24. The defense objects to these emails to unidentified individuals except as they may show images charged in the indictment and as to any images that show sexual abuse of a minor. Further, the defense objects to any unredacted images since those aspects of the images do not aid in the identification of the perpetrator of the offense.

Exhibits 137 through 140 – Emails between February 1, 2011 and May 22, 2011. These emails to unknown recipients discuss random topics of a sexual nature and do not deal directly with any of the images charged in the Indictment. They are remote in time to the time periods charged in the Indictment and do not deal with the offense conduct, that being the production of child pornography. As such they should be excluded under Rules 404(b) and 403.

In addition to the above, the defendant reserves all motions concerning foundational admissibility and other evidentiary objections such as hearsay and the like.

Dated: April 4, 2015

/s/ Carl M. Faller\_\_\_\_\_
CARL M. FALLER
Attorney for Defendant
SHAWN JOSEPH MCCORMACK