**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAWN JOSEPH McCORMACK,<br><br>**Petitioner,**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Respondent.** | CASE NO. 1:11-CR-0324 AWI BAM<br>(1:18-CV-1367 AWI)<br><br>**ORDER ON PETITIONER'S MOTION TO VACATE**<br><br>(Crim. Doc. No. 150) |

Petitioner Shawn McCormack challenges his convictions through this petition to set aside or vacate under 28 U.S.C. § 2255.

*Background*

On April 10, 2015, a jury found Petitioner guilty of four counts of sexual exploitation of a minor and two counts of kidnapping (violations of 18 U.S.C. §§ 1201(a), 1201(g), and 2251(a)). See Doc. No. 86.

On October 13, 2015, Petitioner was sentenced to terms of 360 months for each of the four counts of sexual exploitation of a minor, and to life for both of the kidnapping charges, all sentences to run concurrently. See Doc. No. 109. Therefore, the total term of imprisonment was life. See id. & Doc. No. 110. On October 15, 2015, the judgment was entered on the docket. See Doc. No. 110.

Petitioner appealed to the Ninth Circuit on October 16, 2015. See Doc. No. 112.

On July 3, 2017, the Ninth Circuit affirmed Petitioner's conviction and sentence. See Doc. No. 147. The Ninth Circuit held that there were no evidentiary errors regarding the admission of photos, videos, e-mails, chat logs, and written exchanges, there was sufficient evidence to support the one challenged count of kidnapping, and that the life sentence was not harsher than necessary. See id. The Ninth Circuit's mandate issued on July 25, 2017. See Doc. No. 149.

On September 25, 2018, Petitioner filed this § 2255 petition.[1] See Doc. No. 150.

## § 2255 FRAMEWORK

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, a district court must grant a prompt hearing to a petitioner in order to determine the validity of the petition and make findings of fact and conclusions of law, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1983). A petitioner is not required to allege facts in detail, but he "must make factual allegations" and cannot rest on merely conclusory statements. Baumann, 692 F.2d at 571; United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).

---

[1] The Court physically received the petition on October 4, 2018. See Doc. No. 150. However, the petition states that it was mailed on September 25, 2018. See id. By operation of the mail-box rule, the petition is deemed filed on September 25, 2018. See United States v. Winkles, 795 F.3d 1134, 1145-46 (9th Cir. 2015). Additionally, when considering the 90 days in which to file a petition for a writ of certiorari with the Supreme Court, the petition in this case was filed within one year of his conviction becoming final and thus, is timely filed with this Court. See 28 U.S.C. § 2255(f)(1); Winkles, 795 F.3d at 1136 n.1.

2

**PETITIONER'S PETITION**

*Petitioner's Allegations*

Petitioner raises four grounds for relief. The first ground reads in its entirety: "They did not show the victim's statement that said that someone else took them. The victim identified the kidnapper." The second ground for relief in its entirety reads: "No DNA or any medical exams were done." The third ground for relief in its entirety reads: "There was no proof to show that the info on the computers was protected to keep info from being altered." The fourth ground for relief in its entirety reads: "The device that the videos were made on were never found and were never shown."

*Discussion*

There are numerous problems with this petition. First, the Ninth Circuit has explained that if a "criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." United States v. Skurdal, 341 F.3d 921, 925 (9th Cir. 2003); United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Each of Petitioner's grounds for relief could have been raised on direct appeal, but there is no indication that they were raised with the Ninth Circuit. The petition admits that the first ground for relief was not raised on direct appeal (Petitioner did not answer this question regarding the other grounds), and although the form that Petitioner used to file his petition asks why a ground was not raised, Petitioner did not provide any explanation. Therefore, Petitioner's grounds are procedurally defaulted. Skurdal, 341 F.3d at 925; Johnson, 988 F.2d at 945. Second, each of the grounds for relief are extremely brief. There is no elaboration, no indication of legal errors, and it is unclear how any of the grounds would entitle Petitioner to any relief under § 2255. That is, Petitioner has failed to allege specific facts that indicate that he is entitled to relief. See Withers, 638 F.3d at 1062-63; Howard, 381 F.3d at 877; Baumann, 692 F.2d at 571. Third, no particular types of tests or evidence are or were needed to sustain Petitioner's convictions. As recognized by the Ninth Circuit on appeal and this Court during sentencing, there was sufficient evidence to support each of Plaintiff's convictions, and that is true irrespective of the absence of any DNA or technological evidence.

1	Therefore, the Court concludes that no relief under § 2255 is available because the grounds for relief have been procedurally defaulted and because the petition does not contain specific facts that indicate Petitioner is entitled to relief under § 2255.

*Certificate of Appealability*

28 U.S.C. § 2253 provides in pertinent part:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that a court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The requirement that the petitioner seek a certificate of appealability is a gatekeeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court that through full briefing and argument the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).

In the present case, reasonable jurists would not debate that the petition contains grounds for relief that have been procedurally defaulted or that the grounds alleged do not contain specific facts that indicate that Petitioner would be entitled to any relief under § 2255. Therefore, the Court will decline to issue a certificate of appealability. Slack, 529 U.S. at 483-84.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's 28 U.S.C. § 2255 petition (Doc. No. 150) is DENIED;
2. The Court DECLINES to issue a certificate of appealability under 28 U.S.C. § 2253; and
3. This case remains CLOSED.

IT IS SO ORDERED.

Dated: October 30, 2018

SENIOR DISTRICT JUDGE